J-S27025-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| TYREEK B. WOOD | : | |
| | : | |
| Appellant | : | No. 3009 EDA 2025 |

Appeal from the Judgment of Sentence Entered November 13, 2025
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0002235-2024

BEFORE: BOWES, J., OLSON, J., and McLAUGHLIN, J.

MEMORANDUM BY OLSON, J.: **FILED AUGUST 7, 2026**

Appellant, Tyreek B. Wood, appeals from the judgment of sentence entered on November 13, 2025, after a jury found him guilty of possession with intent to deliver a controlled substance (PWID) – fentanyl, 35 P.S. § 780-113(a)(30). In this direct appeal, Appellant's counsel has filed both a petition for leave to withdraw as counsel and an accompanying brief pursuant to **Anders v. California**, 386 U.S. 738 (1967) and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009). We conclude that Appellant's counsel has complied with the procedural requirements necessary to withdraw. Moreover, after independent review of the record, we conclude that the instant appeal is wholly frivolous. Therefore, we grant counsel's petition for leave to withdraw and affirm Appellant's judgment of sentence.

We briefly summarize the facts and procedural history of this case as follows. On or about October 1, 2023, Trooper Wayne Butler-Miletto observed

a vehicle committing several traffic violations as it traveled on Interstate 95 in Delaware County.  Trooper Butler-Miletto observed the vehicle exceeding the applicable speed limit, failing to use turn signals, and following other vehicles too closely.  Based upon these observations, the trooper initiated a traffic stop.  Appellant was identified as the driver, but he did not have a valid license to operate the vehicle.  Trooper Butler-Miletto then called for back-up assistance and Troopers Jared Wendling and Barder Savage responded to the scene of the traffic stop.

Trooper Butler-Miletto asked Appellant for consent to search the vehicle. After Appellant agreed to the search, a backpack was recovered from the rear floorboard.  Next, all of the occupants of the vehicle received warnings pursuant to *Miranda v. Arizona*, 384 A.3d 436, (1966).  Although Appellant initially claimed the backpack did not belong to him, he then acknowledged the bag belonged to him.  Appellant was arrested and the contents of the backpack were sent to the lab for testing.  At trial, the parties stipulated that the contents of the backpack included approximately 92.1 grams of fentanyl. The parties also stipulated that the proper chain of custody was maintained at all times.

Following his arrest, Appellant was charged with PWID and simple possession.  *See* 35 P.S. §§ 780-113(a)(30) and (a)(16).  Trial counsel did not file a pre-trial motion to suppress the evidence seized by law enforcement

authorities.[1]  At the conclusion of trial, a jury found Appellant guilty of

PWID-fentanyl; he received a sentence of five to 10 years of incarceration,

---

[1] Whether (in addition to his vehicle) Appellant expressly or impliedly authorized a search of his backpack, or his other possessions inside the vehicle, is undeveloped in the record.  However, defense counsel's failure to litigate, within the context of a suppression motion, whether the search conducted in this case exceeded the bounds of Appellant's consent may raise an issue.  Where voluntary consent to search is lawfully obtained, the scope of that search "must be conducted within the scope of that consent." ***Commonwealth v. Valdivia***, 195 A.3d 855, 862 (Pa. 2018).  Pennsylvania courts measure the scope of consent by the "objective reasonableness" of what the consenting party believes he has authorized.  ***Id***. at 862, 865 (citations omitted).  General consent to search a vehicle, without further elaboration, does not authorize a search of every container inside the vehicle.  ***See Commonwealth v. Sullivan***, 293 A.3d 588, *8 (Pa. Super. 2023) (non-precedential decision).  On the other hand, if an officer informs a suspect he wants to search a vehicle for narcotics, and the defendant consents, it is reasonable to assume the scope of consent includes containers that could contain narcotics.  ***See Florida v. Jimeno***, 500 U.S. 248, 251 (1991). The Pennsylvania Supreme Court has stated:

> While an individual may place limits on the scope of any consent given, or revoke consent altogether, the failure to do so does not modify the consent to the search that was given, nor does it give police *carte blanche* to conduct a search of limitless scope and duration.
>
> The scope of a search is controlled by the scope of consent given, which, in turn, is determined pursuant to a reasonable person standard under the circumstances at the time the exchange between the officer and the suspect occurs.  The burden is on law enforcement officials to conduct a search within those parameters. An individual is not required to police the police; absent another exception to the warrant requirement, when a search exceeds the scope of an individual's given consent, the search is illegal regardless of whether the individual objected or revoked his or her consent.  ***See generally*** 68 Am. Jur. 2d Searches and Seizures § 271 ("A general consent to a search on its own does not give an officer unfettered search authority. Even when an individual gives

*(Footnote Continued Next Page)*

followed consecutively by four years' probation. No post-sentence motions were filed and a timely notice of appeal was lodged on November 24, 2025.[2]

On appeal, Appellant's counsel filed a petition for leave to withdraw and counsel accompanied this petition with an **Anders** brief. Before reviewing the merits of this appeal, we first determine whether counsel has fulfilled the

_____

a general consent without express limitations, the scope of a permissible search has limits: it is constrained by the bounds of reasonableness and what the reasonable person would expect.").

**Id.** at 868.

Because no suppression motion was litigated, we are not authorized within the context of our **Anders** review to consider this unpreserved and undeveloped suppression issue. Our prior cases teach that when direct appeal counsel has filed an **Anders** brief and requests permission to withdraw, this Court may overlook certain procedural deficiencies in appellate court filings to ensure that **Anders** counsel has not overlooked non-frivolous issues. **See Commonwealth v. Cox**, 231 A.3d 1011, 1016 (Pa. Super. 2020). Notwithstanding, this Court may not address issues, such as the suppression issue here, that were not properly preserved in the trial court. **Id.**; **see also** Pa.R.A.P. 302(a) ("[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal"). "[T]he mere filing of an **Anders** brief and petition to withdraw will not serve to resuscitate claims that were already waived upon the filing of the notice of appeal." **Cox**, 231 A.3d at 1016-1017.

If the failure to preserve this suppression issue implicates the ineffectiveness of trial counsel, the claim should be deferred to collateral review under the Post Conviction Relief Act. **See id.**; 42 Pa.C.S.A. § 9543 (a)(2)(ii); **see also Commonwealth v. Holmes**, 79 A.3d 562, 578 (Pa. 2013) (establishing a deferral rule for ineffectiveness claims).

[2] On December 5, 2025, the trial court entered orders permitting defense counsel to withdraw and appointing direct appeal counsel. On January 21, 2026, newly-appointed direct appeal counsel filed a court-ordered statement pursuant to Pa.R.A.P. 1925(b) confirming there were no issues of arguable merit to raise on appeal and that counsel intended to file an **Anders** brief with this Court.

necessary procedural requirements to withdraw as counsel. ***Commonwealth v. Miller***, 715 A.2d 1203, 1207 (Pa. Super. 1998).

To withdraw under ***Anders***, counsel must satisfy certain technical requirements. First, counsel must "petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous." ***Miller***, 715 A.2d at 1207. Second, counsel must file an ***Anders*** brief, in which counsel:

> (1) provide[s] a summary of the procedural history and facts, with citations to the record; (2) refer[s] to anything in the record that counsel believes arguably supports the appeal; (3) set[s] forth counsel's conclusion that the appeal is frivolous; and (4) state[s] counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Santiago***, 978 A.2d at 361. Finally, counsel must furnish a copy of the ***Anders*** brief to his or her client and advise the client "of [the client's] right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention." ***Commonwealth v. Woods***, 939 A.2d 896, 898 (Pa. Super. 2007) (citation omitted).

If counsel meets all of the above obligations, "it then becomes the responsibility of the reviewing court to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." ***Santiago***, 978 A.2d at 355 n.5; ***see also Commonwealth v. Yorgey***, 188 A.3d 1190, 1197 (Pa. Super. 2018) (*en banc*) (holding that the ***Anders*** procedure requires this Court to review "the

entire record with consideration first of the issues raised by counsel . ...[T]his review does not require this Court to act as counsel or otherwise advocate on behalf of a party. Rather, it requires us only to conduct a review of the record to ascertain if[,] on its face, there are non-frivolous issues that counsel, intentionally or not, missed or misstated. We need not analyze those issues of arguable merit; just identify them, deny the motion to withdraw, and order counsel to analyze them[.]"). It is only when all of the procedural and substantive requirements are satisfied that counsel will be permitted to withdraw.

Here, appellate counsel complied with all of the above procedural obligations.[3] We must, therefore, review the entire record and analyze whether this appeal is, in fact, wholly frivolous. Our analysis begins with the issue raised in the *Anders* brief, which is as follows:

> Did the Commonwealth fail to present sufficient evidence to prove the charge of [PWID] beyond a reasonable doubt?

*Anders* Brief at 2.

In the sole issue counsel raises to our attention, Appellant challenges the sufficiency of the evidence offered to prove PWID beyond a reasonable

_____

[3] After direct appeal counsel filed his application to withdraw with this Court, Appellant, on March 16, 2020, requested a 60-day extension of the deadline for his response. On March 20, 2026, this Court entered an order extending Appellant's deadline to May 12, 2026. Appellant has not responded to counsel's petition to withdraw.

- 6 -

doubt. We assess the merits of such a claim under the following standard of review.

> Our standard and scope of review of challenges to the sufficiency of the evidence is well-established. "We review claims regarding the sufficiency of the evidence by considering whether, viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the factfinder to find every element of the crime beyond a reasonable doubt." ***Commonwealth v. Parrish***, 191 A.3d 31, 36 (Pa. Super. 2018)(citation omitted). "Further, a conviction may be sustained wholly on circumstantial evidence, and the trier of fact - while passing on the credibility of the witnesses and the weight of the evidence - is free to believe all, part, or none of the evidence." ***Id.*** (citation omitted). "Because evidentiary sufficiency is a matter of law, our standard of review is *de novo* and our scope of review is plenary." ***Id.*** (citation omitted).

***Commonwealth v. Flythe***, 2026 WL 575272, *4 (Pa. Super. 2026).

"[T]o prevail on a charge of possession of a controlled substance with intent to deliver, the Commonwealth must prove, beyond a reasonable doubt, that the accused possessed a controlled substance and that the accused had the intent to deliver the controlled substance." ***Commonwealth v. Taylor***, 33 A.3d 1283, 1288 (Pa. Super. 2011), 47 A.3d 847 (Pa. 2012).

In this case, viewing the facts in a light most favorable to the Commonwealth as verdict-winner, the first element, possession, is easily satisfied: law enforcement authorities testified at trial that they seized a backpack that contained a sizable quantity of fentanyl (a controlled substance) from a vehicle Appellant operated and Appellant acknowledged that the backpack belonged to him. In addition, the Commonwealth presented the

testimony of an expert who confirmed that the recovered narcotics were packaged in hundreds of individual containers, that a drug user would not ordinarily purchase drugs in such large quantities, that Appellant's vehicle was traveling from Philadelphia (a source city) towards Delaware (a delivery destination), and that no user paraphernalia was recovered from Appellant's person. Based upon our review of the record, we agree with counsel that this appeal is wholly frivolous. Accordingly, we shall affirm Appellant's judgment of sentence and grant counsel's petition to withdraw.

Petition for leave to withdraw granted. Judgment of sentence affirmed. Jurisdiction relinquished.

Judge Bowes joins.

Judge McLaughlin files a Concurring and Dissenting Memorandum.


Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary


Date: 8/7/2026